HON. JAMES L. ROBART

**09-CV-01481-DSGNTN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE, a
non-profit corporation,

    Plaintiff,

    v.

EASTSIDE MASONRY PRODUCTS,
INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:09-CV-01481-JLR

CONSENT DECREE

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a Complaint against Defendant

Eastside Masonry Products, Inc. on October 19, 2009, alleging violations of the Clean Water

Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility

located in Monroe, Washington, seeking declaratory and injunctive relief, civil penalties and

attorneys fees and costs; and

    WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged

violations; and

    WHEREAS, counsel for the parties to this action have engaged in discussions relating to

CONSENT DECREE - 1
No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility including updating its Stormwater Pollution Prevention Plan; and

WHEREAS, Defendant has demonstrated that any substantial penalty payment would impose a substantial financial burden and jeopardize its ability to continue to operate; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon

CONSENT DECREE - 2
No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the successors and assigns of the parties. Changes in the organization form or status of a party shall have no effect on its obligations under this Consent Decree.

4.     This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 13800 Fryelands Blvd. S.E., Monroe, Washington 98272 ("the facility").

5.     This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, related to stormwater discharges that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

6.     This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7.     In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a.     Defendant agrees to fully comply with the terms of the State of Washington Industrial Stormwater General Permit, and any successor, modified, or replacement permit (collectively, the "NPDES permit").

b.     Defendant shall complete, with the assistance of its stormwater engineer, a Level Three Response for turbidity which will be prepared in accordance with the Level Three requirements of Condition S4.C. of the NPDES permit issued by the Washington Department of

CONSENT DECREE - 3
No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1   Ecology on August 21, 2002, effective on September 20, 2002, modified on December 1, 2004,

2   and which expired on December 31, 2009 ("previous NPDES permit").  The Level Three

3   Response will contain documentation of all source control, operational control and treatment

4   BMPs investigated for reduction of turbidity in stormwater, as well as documentation of

5
6   additional BMPs selected for implementation, and schedules and schematics for implementation

7   of the selected BMPs.  The BMPs selected shall be consistent with Washington Department of

8   Ecology's ("Ecology") published stormwater guidance.  Defendant agrees that the BMPs

9   selected and implemented as part of the Level Three Response shall be, in the professional

10
11  opinion of its stormwater engineer, reasonable and appropriate to reduce the amount of turbidity

12  in Defendant's stormwater discharge to below the previous and current NPDES permit turbidity

13  benchmark.  The Level Three Response shall be completed, and all BMPs selected as part of the

14  Level Three Response shall be implemented, by no later than 180 (one hundred and eighty) days

15
16  after the effective date of this Consent Decree.  Defendant shall forward the Level Three

17  Response to Ecology and Plaintiff at no cost by that date as well.

18          c.      Defendant shall complete, with the assistance of its stormwater engineer, a

19  Level Two Response for zinc in accordance with Condition S4.C. of the previous NPDES

20  permit.  The Level Two Response will include documentation of investigation of all available

21
22  options of source control, operational control and stormwater treatment BMPs to reduce

23  stormwater zinc levels to below NPDES permit benchmark values, as well as documentation of

24  additional BMPs selected for implementation.  The BMPs selected shall be consistent with

25  Washington Department of Ecology's ("Ecology") published stormwater guidance.  Defendant

26
27  agrees that the BMPs selected and implemented as part of the Level Two Response shall be, in

28  the professional opinion of its stormwater engineer, reasonable and appropriate to reduce the

29  CONSENT DECREE - 4
    No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1    amount of zinc in Defendant's stormwater discharge to below the previous and current NPDES

2    permit zinc benchmark.  The Level Two Response shall be completed, and all BMPs selected as

3    part of the Level Two Response shall be implemented, by no later than June 30, 2010.

4    Defendant shall forward the Level Two Response to Ecology and Plaintiff at no cost by that date

5    as well.

6

7            f.      Defendant shall, for a period of three years beginning on the date that this

8    Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic

9    communications between Defendant and Ecology concerning stormwater management,

10   stormwater discharges, and stormwater permitting relating to Defendant's facility.  All copies

11   and documentation shall be forwarded to Plaintiff on a quarterly basis and not later than the

12   twentieth day following the end of each calendar quarter, at no cost to Plaintiff.

13

14           8.      Defendant shall comply with all requirements of this Decree within the time

15   periods specified herein.  If any event occurs that is outside of the reasonable control of

16   Defendant (a "force majeure event" as further defined below), which causes a delay in

17   performing tasks required by this Decree, the delay shall not constitute a failure to comply with

18   the terms of this Decree, provided that Defendant has submitted written notification to Plaintiff

19   no later than fifteen (15) days after the date that Defendant first concludes that such event has

20   caused or will cause non-compliance, describing the length or anticipated length of non-

21   compliance, the precise circumstances causing non-compliance, the measures taken or to be

22   taken to prevent or minimize non-compliance, and a schedule for implementation of the

23   measures to be taken.

CONSENT DECREE - 5
No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

A force majeure event shall include, but not be limited to the following, to the extent they are outside the reasonable control of the Defendant and cannot be overcome by diligence:

    A.    Acts of God, war, insurrection, or civil disturbance;

    B.    Earthquakes, landslides, floods;

    C.    Actions or inactions of third parties over which Defendant has no control;

    D.    Adverse weather conditions or unusual delay in transportation;

    E.    Restraint by court order or order of public authority;

    F.    Strikes;

    G.    Inability to obtain governmental permit(s) and/or approval(s) despite Defendant's good faith efforts to do so; and

    H.    Any other litigation, arbitration, or mediation that causes delay.

Provided that Defendant complies with the notice provision of this paragraph, then in the event that Defendant fails to comply or anticipates failing to comply with the requirements of this Decree because of a force majeure event, Defendant's failure to comply, as described in the written notice to Plaintiff under this paragraph, shall not be a violation of this Decree and shall not result in any liability or other sanction.  In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

9.    Not later than thirty (30) days after the date of entry of this Decree, Defendant shall make a payment in the amount of $5,000 (FIVE THOUSAND DOLLARS) to the Sorgenfrei Creek Stream Survey project that is described in **Attachment A** to this Decree.  Such payment shall be made by check payable to Adopt A Stream Foundation and shall bear the

CONSENT DECREE - 6
No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1  notation of "Puget Soundkeeper Alliance v. Eastside Masonry Products, Inc.", and shall be

2  mailed to Adopt A Stream Foundation, with a copy mailed simultaneously to Plaintiff.

3      10.    Not later than thirty (30) days after the date of entry of this Decree, Defendant

4  shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $11,642.08

5
6  (ELEVEN THOUSAND SIX HUNDRED AND FORTY-TWO DOLLARS AND EIGHT

7  CENTS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle,

8  WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may

9  have under the Clean Water Act for fees and costs.

10
11      11.    The Court shall retain jurisdiction over this matter and allow this case to be

12  reopened without filing fee for the purpose of enabling the parties to apply to the Court for any

13  further order that may be necessary to construe, carry out, enforce compliance and/or resolve any

14  dispute regarding the terms or conditions of this Consent Decree until termination of the Consent

15
16  Decree per paragraph 13.  In the event of a dispute regarding implementation of, or compliance

17  with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through

18  meetings between the parties by serving written notice of request for resolution to the parties and

19  their counsel of record.  If no resolution is reached within thirty (30) days from the date that the

20  notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

21
22      12.    The parties recognize that no consent judgment can be entered in a Clean Water

23  Act suit in which the United States is not a party prior to forty-five (45) days following the

24  receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the

25  Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing

26
27  of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of

28  the U.S. EPA and the Attorney General.

29  CONSENT DECREE - 7
    No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

13.     This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate 3 (three) years and 60 (sixty) days following its effective date.

14.     This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

15.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

16.     Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Puget Soundkeeper Alliance, 5309 Shilshole Ave. NW, Suite 215, Seattle, Washington 98107, or e-mailed to Puget Soundkeeper Alliance at bob@pugetsoundkeeper.org. Notifications required by this Decree to be made to Defendant shall be mailed to Iain Rooney, P.O. Box 535, Redmond, Washington, 98073.

Dated and entered this 18 day of June , 2010.

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 8
No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1
2
3   PUGET SOUNDKEEPER ALLIANCE,
4   Signature: _____
5   Title: EXECUTIVE DIRECTOR
6   Dated: 4-20-10
7
8   EASTSIDE MASONRY PRODUCTS, INC.
9   Signature: _____
10  Title: VICE PRESIDENT
11  Dated: APRIL 20th, 2010
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29  CONSENT DECREE - 9
    No. 2:09-CV-01481-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

**Mitigation Project Proposal Template – 1 page**

ATTACHMENT A

---

**Project Title:** *Sorgenfrei Creek Stream Survey*

---

**Applicant organization:** Adopt A Stream Foundation  (AASF)
**Organization status: 501(c) (3): X   For profit:    Government/agency:    Tribe:**
**Applicant contact person/title:** Tom Murdoch, Executive Director
**Applicant contact phone:** 425-316-8592
**Applicant contact email address:** tomm@Streamkeeper.org
**Applicant organization website:** www.streamkeeper.org
**Applicant contact mail address:** NW Stream Center
                                    600 -128th Street SE, Everett, WA 98208

---

**Brief narrative project description:** Sorgenfrei Creek is a complex tributary to Woods Creek near Monroe, Washington.  It is a very productive salmon stream, however, recently several land use actions have negatively impacted that stream's fish production.  Furthermore, several land development actions are being proposed in the watershed.  Stream ecology data for this stream that would have a bearing on future land use decisions is lacking.  AASF proposes the following actions to improve land use decision makers' databases, and to stimulate Sorgenfrei Creek watershed residents to become stewards of their stream:

AASF will contact owners of property next to the Sorgenfrei Creek tributary to Woods Creek near Monroe, Washington, and request their permission to conduct a free stream survey to identify opportunities to improve fish and wildlife habitat and reduce non-point pollution.

After permission is secured, AASF will conduct stream surveys using WA Department of Fish and Wildlife stream survey protocols.  Each participating landowner will be provided survey results. If a problem area is detected, AASF will provide the property owner with a "prescription" for corrective action and provide implementation technical assistance.  All participants will be provided a packet of information describing various stewardship actions that will help reduce water pollution and benefit fish & wildlife.

Furthermore, AASF will analyze all culvert stream crossings using Washington State Department of Fish and Wildlife Stream Monitoring Protocols to determine whether or not the culverts are barriers to fish migration.  Owners of each culvert analyzed will be provided results.  Owners of barrier culverts will also be notified of their responsibility under the Washington State Hydraulic Code to remove that barrier.

In addition, AASF will conduct a survey to determine fish use.  That information will be provided to the Washington State Department of Natural Resources (WDNR) to enable WDNR to update its "Water Type" database for Sorgenfrei Creek.  In addition, that information will be provided to Snohomish County's Planning and Development Services Department (PDS).

AASF's experience with this type of effort in nearby watersheds has resulted in: replacement of lawns with native plant landscapes; removal of invasive plants and replacement with desirable riparian vegetation; replacement of fish barrier culverts with fish passable culverts and/or bridges; installation of log grade control and fish habitat structures; and bio-engineered bank stabilization projects. Equally important, two of three landowners contacted in those watersheds requested the survey and all landowners benefiting from AASF project implementation assistance formally agreed to maintain the site for a minimum of ten years.

---

Puget Soundkeeper Alliance email: bob@pugetsoundkeeper.org  (206) 297-7002

**Mitigation Project Proposal Template – 1 page**

**Key project outcomes (quantitative measures – how you will measure what you do):**

All riparian landowners contacted via mail, telephone or "door to door" and provided general information about stream ecology and a map of Sorgenfrei Creek.
Receive stream survey permission from one in three landowners contacted.
Survey two miles of stream.
Identify all fish habitat and water pollution problems in surveyed areas and provide corrective action recommendations to each landowner.
Conduct fish survey and update WDNR's Water Type date base and the PDS stream database for Sorgenfrei Creek.

**Timeline for project:**
 Start date:  May 1, 2010

 Key milestone #1 date:  Contact all riparian landowners by 5/15/10
 Key milestone #2 date:  Obtain landowner permissions and complete surveys: 5/31/10
 Key milestone #3 date:  Complete in-stream work by 6/30/10
 Key milestone #4 date:  Complete data culvert and water typing data analysis, and fish
   habitat improvement recommendations by 7/31/10

 Completion date:  July 31, 2010

**Project budget (total):  $5000**
 Salaries & benefits: $4700
 Materials: N/A
 Contract work: N/A
 Real estate purchase: N/A
 Donated services/equipment used:  AASF will provide seines and an electro-shocker for the
  fish survey; and survey equipment necessary for culvert analysis.
 Other: Transportation - $300

Puget Soundkeeper Alliance email: bob@pugetsoundkeeper.org  (206) 297-7002

ATTACHMENT B

# The Adopt-A-Stream Foundation



**Northwest Stream Center**
600-128th Street SE
Everett, WA  98208-6353
*tel* (425) 316-8592, 771-6671
*fax* (425) 338-1423
*email* aasf@streamkeeper.org

March 30, 2010

Bridget Baker-White, Attorney
Smith & Lowney
2317 East John Street
Seattle 98112

RE:  Eastside Masonry Products Consent Decree

Dear Bridget,

The Adopt A Stream Foundation (AASF) completed a review of the draft Consent Decree regarding the Eastside Masonry Products.  AASF will review the final Consent Decree after it is entered by the Court.

AASF agrees to accept $5000 from Eastside Masonry Products as part of the settlement in this matter.  Those funds will be used to support the survey of Sorgenfrei Creek, a tributary of Woods Creek near Monroe, WA as outlined in Attachment A of the draft Consent Decree.  AASF will not use any money it receives under the Consent Decree for political lobbying activites.

After the project is complete, AASF will submit a letter to the Court, the Department of Justice, and the parties, describing how the funds have been spent.

Please contact me if you would like any additional information (425-316-8592 or tomm@streamkeeper.org).

Sincerely Yours,

Thomas B. Murdoch
Executive Director